IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                        No. CR 14-1967 RB

DANIEL ORTIZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Mr. Ortiz's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Memorandum in Support, filed on March 12, 2021. (Doc. 56.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DISMISSED**.

**I.**     **Background**

On June 9, 2014, Mr. Ortiz pled guilty to an Information charging: (1) conspiracy to possess with intent to distribute 50 grams and more of methamphetamine under 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); (2) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*See* Docs. 24–28.) On July 21, 2015, United States Circuit Judge Bobby R. Baldock sentenced Mr. Ortiz to 160 months of imprisonment. (Docs. 44–46.)

Mr. Ortiz has served almost 89 months or just over half of his sentence. His anticipated release date is July 25, 2025. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Aug. 10, 2021). He now moves the Court through counsel, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence due to the COVID-19 pandemic. (See Doc. 56.)

**II.     Mr. Ortiz has not exhausted his administrative remedies.**

Mr. Ortiz seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Ortiz filed such a request on October 14, 2020, which the warden denied on October 28, 2020. (*See* Docs. 57 at 3; 57-2.) While the Government concedes that Mr. Ortiz has exhausted his administrative remedies (*see* Doc. 57 at 3), the Court disagrees. Under the undersigned's reading of the relevant statutory language, because the warden denied the request within 30 days, Mr. Ortiz was then required to file an administrative appeal before his request can be considered exhausted.

Courts in this district and across the country are divided on how to interpret the "30-day lapse" language in § 3582(c)(1)(A). "Some courts agree with the parties and hold that there is sufficient exhaustion as long as 30 days lapse from the date the warden receives a request for compassionate release, period." *United States v. Risley*, No. 1:12-CR-0363 AWI, 2020 WL 4748513, at *4 (E.D. Cal. Aug. 17, 2020) (gathering cases). "[O]ther Courts find that the 'lapse of 30 days' language creates in essence a limited futility exception." *Id.* (gathering cases). These courts find that if the warden fails to respond within 30 days of the inmate's request, the inmate

may immediately petition the court. *See id.* In a recent opinion entered in *United States v. Bowyer*, 17cr1303, Mem. Op. & Order (D.N.M. Aug. 12, 2021), the undersigned examined these arguments and "join[ed] 'those courts that have concluded that the 30-day language is designed to ensure that the Warden acts timely and that when she does, the prisoner needs to exhaust his administrative appeal rights before proceeding to court.'" See *United States v. Madrid*, No. 11-CR-2516 WJ, 2021 WL 1061158, at *1 (D.N.M. Mar. 18, 2021) (quoting *United States v. Rembert*, No. 2:12-CR-66-DBH, 2020 U.S. Dist. LEXIS 107423 (D. Me. June 19, 2020)). Although the parties did not thoroughly discuss the 30-day lapse language in the briefs here, the Court treats § 3582(c)(1)(A)'s exhaustion requirement as jurisdictional. *See United States v. Zamarripa*, No. CR 18-2757 RB, 2020 WL 3035226, at *2 (D.N.M. June 5, 2020). Because Mr. Ortiz filed his motion without pursuing the administrative appeal process, the Court will dismiss it for lack of exhaustion.

Even if Mr. Ortiz had exhausted his administrative remedies, the Court would deny his motion for at least two reasons. First, while FCI Safford has 512 inmates who have recovered from COVID-19, it appears that the facility has gotten the pandemic under control for the moment and currently has no positive inmate cases. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Aug. 10, 2021). And second, Mr. Ortiz tested positive for COVID-19 while incarcerated. Mr. Ortiz admits that he did not experience any serious illness as a result (*see* Doc. 56 at 5), thereby "mitigating his concern that he would develop severe complications if infected with the virus." *See United States v. Hollins*, No. 15-20100-JAR, 2021 WL 103017, at *2 (D. Kan. Jan. 12, 2021).Thus, although Mr. Ortiz has medical conditions (type 2 diabetes and obesity) that place him at risk for serious illness from COVID-19, *see Underlying Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated May 13, 2021), it does not appear that Mr. Ortiz's health

problems are as severe as they are framed in Mr. Ortiz's motion.

In sum, the Court finds that Mr. Ortiz did not exhaust his administrative remedies, necessitating denial of his motion. If he had demonstrated exhaustion, the Court would not find that he has demonstrated extraordinary and compelling circumstances that warrant compassionate release.

**THEREFORE,**

**IT IS ORDERED** that Mr. Ortiz's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Memorandum in Support (Doc. 56) is **DISMISSED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE