IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                              No. CR 14-1967 RB

DANIEL A. ORTIZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**BEFORE THE COURT** is Mr. Ortiz's Motion for Reduction of Sentence, in which Mr. Ortiz argues he is entitled to a sentence reduction under Amendment 821 to the United States Sentencing Guidelines. (Doc. 60.) *See* U.S. SENT'G GUIDELINES MANUAL § 4A1.1(e) (U.S. SENT'G COMM'N 2023) (USSG). The United States filed a response opposing the reduction. (Doc. 61.) Having reviewed the parties' arguments, the record, and the applicable law, the Court finds Mr. Ortiz is not eligible for a sentence reduction under Amendment 821 and, accordingly, the Court lacks jurisdiction over his Motion. The Court will therefore **DISMISS** the Motion.

**I.    BACKGROUND**

Mr. Ortiz was charged in an Information of (1) conspiracy to possess with intent to distribute 50 grams and more of methamphetamine under 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); (2) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*See* Doc. 24.) In June 2014, Mr. Ortiz pled guilty to those charges. (Doc. 27.) The United States Probation Office (USPO) provided a presentence report in which it computed an offense level of 31 and seven criminal history points based on Mr. Ortiz's convictions, which equated to a criminal history category of IV. (PSR at ¶¶ 48, 57–58.) No status points were added

to Mr. Ortiz's criminal history points. (*Id*. at ¶¶ 57–58.) On July 21, 2015, United States Circuit Judge Bobby R. Baldock sentenced Mr. Ortiz to 160 months of imprisonment. (Docs. 44–46.)

Mr. Ortiz filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which the Court denied on August 12, 2021. (Docs. 56; 59.) His anticipated release date is September 4, 2025. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Sept. 4, 2024).

Since Mr. Ortiz was sentenced, Congress amended the Sentencing Guidelines (Amendment 821). *Compare* § 4A1.1(d) (pre-amendment) *with* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023) *and* §§ 4A1.1(e), 4C1.1(a). Amendment 821 applies retroactively. *See* § 1B1.10(a)(1), (d). Mr. Ortiz, acting pro se, now asks the Court to reduce his sentence under Part A of Amendment 821. (Doc. 60.) The Federal Public Defender declined to file a motion on Mr. Ortiz's behalf and the United States filed a Response. (Docs. 61–62.)

## II.   LEGAL STANDARDS

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." § 1B1.10(b)(2)(C). In addition, except when the sentence was lower than the Guidelines range because the defendant provided substantial

assistance to authorities, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended" Guidelines range. § 1B1.10(b)(2)(A)–(B).

Amendment 821 may lower the Guidelines sentencing range applicable to certain defendants. Part A of Amendment 821 applies to sentencing for offenses committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A1.1(e). Before Amendment 821, courts assessed two "status points" to the defendant's criminal history score for such crimes. *United States v. McDonald*, No. CR 22-1317 JB, 2024 WL 2110525, at *8 (D.N.M. May 10, 2024). Part A of Amendment 821 reduced the number of status points added depending on the defendant's criminal history points. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918; § 4A1.1(e). For instance, for a person who has seven or more criminal history points, the Court may reduce the status points to one, instead of two. § 4A1.1(e). In addition, for a person with six or fewer criminal history points, the Court may reduce the status points to zero. *Id.*

Additionally, Part B provides that courts sentencing offenders who have zero criminal history points ("zero-point offenders") may reduce the offense level by two if the defendants meet specified criteria. § 4C1.1(a); U.S. SENT'G GUIDELINES MANUAL app. C Supp.(U.S. SENT'G COMM'N 2023).

In determining whether to reduce a sentence under Amendment 821, the Court must first determine whether the defendant is eligible for a reduction by determining whether the Guidelines range calculated under Amendment 821 is lower than the Guidelines range on which the defendant's sentence was based. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017); § 1B1.10(b)(1). If not, a defendant is not eligible for a reduction and the Court "lacks jurisdiction over the defendant's motion and the motion must be dismissed." *C.D.*, 848 F.3d at 1289; *see also*

*United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (same); *United States v. Warren*, 22 F.4th 917, 926 n.6 (10th Cir. 2022) (noting that, while eligibility for a sentence reduction under § 3582 is a jurisdictional question under Tenth Circuit precedent, that precedent may "need to be revisited").

If the defendant is eligible for a sentence reduction, the Court must then consider whether the defendant has shown "a sentence reduction is consistent with the Commission's policy statements" and entitlement to "relief in light of the applicable sentencing factors found in" § 3553(a). *C.D.*, 848 F.3d at 1289–90; *see also* § 1B1.10(a)(1), § 3582(c)(2). The fact that a court considered the § 3553(a) factors in the initial sentencing does not preclude a court from considering them in the context of a sentence reduction motion. *Osborn*, 679 F.3d at 1196. In addition to the § 3553(a) factors, courts may consider "post-sentencing conduct," § 1B1.10, app. n.1(B)(iii), and "the benefits the defendant gained by entering a Type–C [plea] agreement when it decides whether a reduction is appropriate . . . ." *Hughes v. United States*, 584 U.S. 675, 689 (2018); *see also Osborn*, 679 F.3d at 1195.

## III.   DISCUSSION

Mr. Ortiz is not eligible for a sentence reduction under Part A because he was not on "probation, parole, supervised release, imprisonment, work release, or escape status" when he committed the crimes for which he was sentenced. § 4A1.1(e). Consequently, no status points were added to his criminal history score. (*See* PSR at ¶¶ 50–58.) Since no status points were added in the first place, the adjustments permitted under Part A have no impact on his criminal history category or the resulting Guidelines range. *See* § 1B1.10(b)(1) ("A reduction in the defendant's term of imprisonment is not . . . authorized under [§3582] if" Amendment 821 "does not have the effect of lowering the defendant's applicable guideline range.") In addition, Mr. Ortiz is not

eligible for relief under Part B because he is not a zero-point offender. (*See* PSR at ¶ 57.) § 4C1.1(a). The Court concludes it lacks jurisdiction over Mr. Ortiz's Motion and, therefore, will dismiss it. *C.D.*, 848 F.3d at 1289.

## IV.    CONCLUSION

The Court finds Mr. Ortiz is not eligible for a sentence reduction under Part A of Amendment 821 because no status points were added to his criminal history score. Furthermore, he is not eligible for a reduction under Part B because he is not a zero-point offender.

**IT IS THEREFORE ORDERED** that Mr. Ortiz's Motion for Reduction (Doc. 60) is **DISMISSED.**

_____
ROBERT C. BRACK
SENIOR UNITED STATES DISTRICT JUDGE